UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                           Case No. 2:06-cr-62-FTM-29DNF

RACHAEL CASTANER
_____

**OPINION AND ORDER**

This matter is before the Court on defendant's *pro se* Motion for Modification or Reduction of Sentence Based Upon a Retroactive Guideline Amendment, Concerning Cocaine Base ("Crack") That Have the Effect of Lowering Guideline Range and Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) and § 1B1.10(c) (Doc. #117) filed on April 28, 2008.  Defendant seeks a reduction in her sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels.

The Court notes that the Sentencing Commission has amended commentary to § 2D1.1 and the policy statement § 1B1.10 as it relates to the Drug Quantity Table.  This amendment did not take effect until May 1, 2008, and the Court was without jurisdiction until that time. United States v. Tensley, No. 07-15649, 2008 WL 713674 (11th Cir. Mar. 18, 2008).  Therefore, the Court will deem the motion to have been filed on May 1, 2008 and will proceed under the new amended commentary.

**I.**

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[1]. Even if generally eligible for a reduction in the term of

---

[1] United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10.  A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B). Defendant Castaner satisfies all of these eligibility requirements and a reduction in the term of imprisonment would be consistent with the Sentencing Guidelines policy statement.

While defendant is eligible for a reduction in the term of imprisonment and such a reduction is not excluded by the Sentencing Guidelines policy statement, the court must make two distinct determinations before deciding whether and to what extent to reduce a defendant's term of imprisonment under § 3582(c)(2).  First, the court must recalculate the sentence under the amended guidelines. The court is required to determine the amended guideline range that would have been applicable to defendant if the applicable retroactive amendment had been in effect at the time defendant was sentenced. U.S.S.G. § 1B1.10(b)(1).  In making this determination, the court "shall substitute only" the retroactive amendment for the corresponding guideline provisions there were applied when defendant was sentenced, and "shall leave all other guideline application decisions unaffected." U.S.S.G. § 1B1.10(b)(1). The

3

Court uses that new base level to determine what ultimate sentence it would have imposed. United States v. Bravo, 203 F.3d 778, 780 (11th Cir. 2000); United States v. Vautier, 144 F.3d 756, 760 (11th Cir. 1998), cert. denied, 525 U.S. 1113 (1999).

The second step is to decide whether, in its discretion, the court will elect to impose the newly calculated sentence under the amended guidelines or retain the original sentence. Bravo, 203 F.3d at 781. In making this decision, the court considers the factors listed in § 3553(a) to the extent consistent with the Sentencing Guidelines policy statement. Bravo, 203 F.3d at 781; Vautier, 144 F.3d at 760. The Court must also consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment, U.S.S.G. § 1B1.10 cmt. n.1(b)(ii), and may consider post-sentencing conduct of defendant occurring after the imposition of the original term of imprisonment, Application Note 1(b)(iii). While the two steps are required, the court is not required to reduce defendant's sentence because that determination is discretionary. Vautier, 144 F.3d at 760; United States v. Cothran, 106 F.3d 1560, 1562 (11th Cir. 1997); United States v. Vazquez, 53 F.3d 1216, 122728 (11th Cir. 1995).

## II.

Because both cocaine base and other controlled substances were attributed to defendant, the Court follows the following five steps

4

outlined in U.S.S.G. § 2D1.1 cmt. n.10(D)(i): (1) Determine the base offense level for the quantity of cocaine base involved in the offense, U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(I); (2) determine the marijuana equivalency for the cocaine base by reference to the table in U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(II); (3) covert the quantity of cocaine base involved in the offense to its equivalent quantity of marijuana, U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(II); (4) determine the combined marijuana equivalency for the other controlled substance(s) involved in the offense, U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(III); and (5) add the quantity of marijuana determined for all controlled substances and look up the total in the Drug Quantity Table to obtain the combined base offense level for all the controlled substances involved in the offense. U.S.S.G. § 2D1.1 cmt. n.10(D)(i)(IV).

At the original sentence, defendant was held accountable for 6.4 grams of cocaine base, 42.2 grams of cocaine, and 44.0 grams of marijuana.  Using the Drug Equivalency Tables effective May 1, 2008, this results in a marijuana equivalent of 128 kilograms for the 6.4 grams of cocaine base (20 kilograms of marijuana per gram of cocaine base); a marijuana equivalent of 8.44 kilograms (200 grams of marijuana per gram of cocaine) for the 42.2 grams of cocaine; and a marijuana equivalent of .044 kilograms for the marijuana.  The total marijuana equivalent was therefore 136.48 kilograms.  Under U.S.S.G. § 2D1.1, this resulted in the Base Offense Level of 24.  Reducing this by two levels for the safety

valve and three levels for acceptance of responsibility results in a total offense level of 19. With defendant's Criminal History Category of I, this results in a new range of 30-37 months imprisonment.

The Probation Office reports that defendant has maintained a clear conduct record and has completed 25 hours of a GED program and earned her high school diploma, and has completed a 40 hour drug education course. Therefore, in the exercise of its discretion, the Court will apply the Amendment 706 reduction to defendant, and will impose a sentence at the low end of the newly calculated Sentencing Guidelines range.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. Defendant's *pro se* Motion for Modification or Reduction of Sentence Based Upon a Retroactive Guideline Amendment, Concerning Cocaine Base ("Crack") That Have the Effect of Lowering Guideline Range and Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) and § 1B1.10(c) (Doc. #117), deemed to have been filed on May 1, 2008, is **GRANTED** as set forth below.

2. The Clerk of the Court shall enter an Amended Judgment reducing the sentence imposed to 30 months imprisonment, and otherwise leaving all other components of the sentence as originally imposed. This order is subject to the prohibition contained within U.S.S.G. § 1B1.10(b)(2)(c) which provides that "[i]n no event may the reduced term of imprisonment be less than

the term of imprisonment the defendant has already served."

**DONE AND ORDERED** at Fort Myers, Florida, this ___12th___ day of May, 2008.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
AUSA Casas
Rachael Castaner
U.S. Probation
U.S. Marshal